# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| REJEANA LOUISE MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-14-1124-R |
| | ) | |
| TRACY FORD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging violation of her civil rights with regard to her confinement at the Mabel Bassett Correctional Facility, operated by the State of Oklahoma. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Charles B. Goodwin for preliminary review. On June 30, 2016, Judge Goodwin issued a Report and Recommendation wherein he recommended that Ms. Miller's Amended Complaint be dismissed upon filing for failing to state a claim, because her claims are all clearly barred by the applicable two-year statute of limitations period. The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to undertake a *de novo* review of the findings to which Plaintiff makes specific objection. Having conducted this *de novo* review, the Court finds as follows.

Judge Goodwin concluded that Plaintiff's claims, which are largely centered on an incident that occurred at the prison on December 15, 2010, are time barred, even if the two-year limitations period is considered tolled during the pendency of Plaintiff's attempts to exhaust her DOC administrative remedies. Judge Goodwin further concluded that nothing in the Amended Complaint supported the application of equitable tolling to extend the statute of limitations period so that

Plaintiff's claims, first filed in October 2014, would be rendered timely. In her objection Plaintiff raises certain issues not addressed by the Report and Recommendation, such as qualified immunity. Such arguments provide no basis for rejection of the Report and Recommendation and will not be addressed herein.

Plaintiff takes issue with what she characterizes as a "time barred excuse" instead of "relying on the evidence. The Court has reviewed the allegations in the Objection, Plaintiff's Amended Complaint, and each of the eighty-four exhibits attached thereto. The Court finds therein no basis for disregarding Judge Goodwin's conclusion that Plaintiff's claims are all barred by the statute of limitations period. Her allegations stem from an incident on Christmas day 2010, and although she alleges subsequent retaliation, many of those allegations are conclusory, and nothing in her allegations extends into the period of time that would render her claims timely. Plaintiff makes no allegations that would support application of equitable tolling under a theory that she was lulled into inaction by employees of the prison or that they interfered with her access to the Courts. Judge Goodwin thoroughly analyzed and addressed each of the claims set forth in the Amended Complaint and an appropriate basis for dismissal thereof. Accordingly, the Report and Recommendation is hereby ADOPTED IN ITS ENTIRETY and Plaintiff's Amended Complaint is hereby DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B), and § 1915A(b) for failure to state a claim, because her claims are barred by the applicable statute of limitations period. *See Jackson v. Standifird*, 463 F.App'x 736, 737 (10th Cir. 2012). Judgment shall be entered accordingly.

IT IS SO ORDERED this 12th day of September, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE